UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14206-RAR

**MARK ALAN PENNINGTON**,

    Plaintiff,

v.

**DR. HARIDAS BHADJA**, *et al.*,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND DISMISS PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Defendants' Motion to Strike and Dismiss Plaintiff's Amended Complaint ("Motion"), [ECF No. 67]. This case concerns *pro se* Plaintiff Mark Alan Pennington's claim of medical deliberate indifference under the Eighth Amendment against Defendants during his incarceration at Okeechobee Correctional Institution ("Okeechobee C.I.") in Okeechobee, Florida. *See generally* Am. Compl., [ECF No. 66]. Plaintiff filed a Reply to Defendant's Second Motion to Dismiss Complaint ("Response"), [ECF No. 72]. After careful review of the Amended Complaint, the parties' arguments, and applicable law, the Motion is **GRANTED** in part and **DENIED** in part. The Court finds Plaintiff has sufficiently pled an individual capacity claim of deliberate indifference against Defendant Dr. Lynette Santana. The Court **STRIKES** all other portions of the Amended Complaint.

### BACKGROUND

**I. Procedural History**

While Plaintiff was incarcerated at Okeechobee C.I., he avers that Defendants were deliberately indifferent to his critical gastroenterological needs for years. *See Pennington v.*

*Centurion Health, Inc.*, No. 23-CV-14206, 2023 WL 4763222, at *1 (S.D. Fla. July 26, 2023). When Plaintiff first brought suit against twelve different defendants, the Court screened his Complaint, [ECF No. 1], under 28 U.S.C. § 1915A, and determined that Plaintiff's claims could proceed only against six defendants in their individual capacity. *See id.* at *2, *4. The Court found that Plaintiff sufficiently alleged that these six defendants, including Defendant Dr. Lynette Santana—the Chief Health Officer at Okeechobee C.I.—were "familiar" with Plaintiff's history of chronic digestive system issues "but either refused or delayed providing effective treatment." *Id.* at *4.

Defendants moved for dismissal of Plaintiff's original Complaint, arguing that Plaintiff failed to state an Eighth Amendment claim of deliberate indifference. *See* Motion to Dismiss, [ECF No. 35] at 3. Defendants also claimed that Plaintiff "failed to exhaust his administrative remedies [] by failing to file an informal or formal grievance pertaining to the allegations against each of the Defendants." *Id.* at 15.

The Court determined that among Plaintiff's various claims of deliberate indifference spanning from 2019 to 2021, Plaintiff timely exhausted his administrative remedies for one claim which the Court described as "Okeechobee C.I.'s medical [staff's] fail[ure] to adequately treat him after he submitted sick calls on June 12, 2021 and June 25, 2021." Order Granting Motion to Dismiss at 16 (cleaned up). However, after holding that Plaintiff failed to describe a serious medical need or how Defendants were deliberately indifferent in treating that need, the Court dismissed the Complaint entirely. *Id.* Plaintiff was ordered to file an Amended Complaint limited to his one exhausted claim.

Plaintiff filed his Amended Complaint on July 8, 2024.[1] *See* Am. Compl. at 62–63.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations

## II. The Amended Complaint's Allegations

In relevant part, Plaintiff claims that on June 12, 2021, he "submitted a sick call" complaining of "severe abdominal pain and cronic [sic] constipation." *Id.* at 49. Plaintiff's pain "was ongoing for several days," and he described the pain level as "7 to 8," which "increas[ed] in frequency and intensity." *Id.* Five days later, Plaintiff was seen by a nurse but did not receive a diagnosis, treatment, or pain relief. *See id.* Plaintiff was "told he would be referred to the Provider," but after eight days without care, Plaintiff placed another sick call on June 25, 2021. *Id.* Plaintiff filed an administrative grievance on June 30, 2021, after medical staff failed to address his needs. *See id.*

Plaintiff was eventually seen by Defendant Dr. Lynette Santana on July 1, 2021. *See id.* at 51. When Plaintiff asked Dr. Santana "to renew his prescription for Metamucil," *id.*, Dr. Santana stated, "you can't have it," expressing that she had attempted (and presumably failed) to procure the medication for him, *id.* at 50. But Plaintiff persisted, after which he alleges Dr. Santana "snapped and got irate," as she replied, "if you try to go over my head or around me like you did before, you will not get anything at all. You get what I say you get[,] and you are not getting Metamucil [] [e]ver." *Id.* (cleaned up).

The next day, Dr. Santana "submitted a consult request" to another doctor who had performed surgery on Plaintiff in the past. *Id.* at 49. On July 12, 2021, an ultrasound was completed, after which medical staff recommended Plaintiff complete "a CT scan or MRI for correlation," which was not ordered until August 2, 2021. *Id.* Plaintiff continued to experience pain, alleging Dr. Santana "needlessly prolong[ed] [his] pain" and "increas[ed] the risk of further

---

omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (cleaned up).

Page **3** of **14**

serious harm to [him]." *See id.* Plaintiff says he did "not receive[] any treatment or diagnosis for over 47 days." *Id.* at 14.

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(6)

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* FED. R. CIV. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" and is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

A court considering a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d

1269, 1273 (11th Cir. 2004) (citation and quotation omitted).  And "determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (alterations accepted) (quoting *Iqbal*, 556 U.S. at 679).

**II.  Federal Rule of Civil Procedure 12(f)**

The Court has broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f).  *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  A motion to strike is appropriate for "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Generally, striking factual allegations is disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

## ANALYSIS

Defendants' Motion is two-fold.  First, Defendants argue the Amended Complaint should be "partially stricken" because Plaintiff failed to comply with the Court's Order instructing Plaintiff to limit his Amended Complaint *only* to his exhausted claim.  Mot. at 4.  Second, Defendants seek dismissal of Plaintiff's exhausted claim for failure to state a claim of deliberate indifference under the Eighth Amendment.  *See id.* at 5–10.  The Court addresses both Motions below.

**I.  Defendants' Motion to Strike**

Defendants recite the Court's March 22, 2024 Order instructing Plaintiff to file an Amended Complaint.  *See* Mot. at 5.  In that Order, the Court explained to Plaintiff as follows:

> Plaintiff's amended complaint must be limited to the specific claim that Plaintiff managed to exhaust (*i.e.*, that Okeechobee C.I.'s

> medical staff failed to adequately treat him after he submitted sick calls on June 12, 2021, and June 25, 2021). Any portion of the amended complaint which alleges facts unrelated to this time period will be stricken.

Order Granting Motion to Dismiss at 16. But Defendants point out that Plaintiff's Amended Complaint contains ten pages of allegations "surround[ing] his claims of inadequate medical treatment occurring between 2019 and 2020, the timeframe in which Plaintiff failed to exhaust his administrative remedies." Mot. at 5. As a result, Plaintiff has violated "this Court's clear directives," and Plaintiff's unexhausted claims "must be stricken." *Id.*

The Court agrees—Plaintiff's failure to follow the Court's instructions is clear as day. And the Court specifically warned Plaintiff that pleading new allegations in noncompliance with the Court's Order would result in said allegations being stricken. Accordingly, the Court **STRIKES** all those allegations in the Amended Complaint unrelated to Okeechobee C.I. medical staff's failure to treat him during the time period between June 2021 and July 2021.

## II. Defendants' Motion to Dismiss

Next, Defendants ask the Court to dismiss Plaintiff's remaining claim. Defendants predominantly raise three arguments in favor of dismissal. To start, Defendants maintain that Plaintiff "fails to allege he suffered from a serious medical need in June of 2021." *Id.* at 6. They argue Plaintiff's complaints of "'severe abdominal pain and persistent constipation'" did not obviously require a doctor's attention and thus "do not constitute a serious medical need under the Eighth Amendment." *Id.* (quoting Am. Compl. at 13). Alternatively, Defendants insist that Plaintiff has "not sufficiently alleged that Defendants acted with deliberate indifference to any serious medical need." *Id.* at 7. They explain that none of the Defendants had the requisite subjective awareness, and Plaintiff's doctor's visit on July 1, 2021 forecloses the claim that

Plaintiff was never treated. *Id.* at 7–10. Lastly, Defendants argue Plaintiff has not alleged causation. *Id.* at 10.

As a preliminary matter, the Court clarifies the scope of Plaintiff's active allegations to guide its analysis. In its Order granting Defendants' first Motion to Dismiss, the Court identified Plaintiff's "discrete" claim as Okeechobee C.I.'s prison official's failure "to provide timely and effective treatment *after* he submitted multiple sick calls in June 2021." Order Granting Motion to Dismiss at 12 (emphasis added). The Court illustrated that Plaintiff timely filed an administrative grievance on June 30, 2021 related to this claim. *See id.* at 11; June 30, 2021 Grievance, [ECF No. 52-1], at 4. When Defendant Dr. Santana denied that grievance and responded by writing, "concerns are being addressed," Response to June 30, 2021 Grievance, [ECF No. 52-1], Plaintiff appealed that grievance to the Secretary's Office to explain that, contrary to Dr. Santana's representations, "no treatment or appointment" had been provided. June 30, 2021 Grievance Appeal, [ECF No. 52-1], at 2.

Plaintiff's grievance proceedings show that the purported neglect of Okeechobee C.I. medical staff, namely, Dr. Santana, persisted past June 2021 and into the following month. Therefore, the Court will analyze Plaintiff's factual allegations pertaining to June 2021 to July 2021.[2]

### A. *Deliberate Indifference*

In the Eleventh Circuit, a plaintiff asserting an Eighth Amendment claim of deliberate indifference must satisfy two prongs. First, the plaintiff must show that "the deprivation he allegedly suffered was 'objectively, sufficiently serious,'" which requires him to establish an "objectively serious medical need." *Wade v. McDade*, 106 F.4th 1251, 1255–56 (11th Cir. 2024)

---

[2] This decision is not inconsistent with the Court's March 22, 2024 Order. *See generally* Order Granting Motion to Dismiss.

(quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id.* at 1262. However, a defendant "cannot be found liable . . . if he responded reasonably to the risk." *Id.* (cleaned up).

### B. Plaintiff's Claim Against Dr. Lynette Santana

Defendants first dispute Plaintiff suffered from an objectively serious medical need. To state a claim of deliberate indifference, Plaintiff "must allege facts supporting a plausible finding that . . . he had an objectively serious medical need that posed a substantial risk of serious harm if left unattended[.]" *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764–65 (11th Cir. 2020). In certain circumstances, "severe pain that is not promptly or adequately treated can present a serious medical need." *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255–59 (11th Cir. 1999)).

Depending on the facts, chronic constipation, including accompanying abdominal pain, can rise to the level of a serious medical need. *See, e.g.*, *Carswell v. Bay Cnty.*, 854 F.2d 454, 455, 458 (11th Cir. 1988) (holding that, after specific requests for medical attention, the failure to provide medical care for an inmate suffering from a "rash, constipation[,] and significant weight loss" amounted to deliberate indifference); *Oliver v. Calderon*, No. 17-CV-1792, 2019 WL 1254844, at *4 (M.D. Fla. Mar. 19, 2019) ("[T]he Court concludes that Plaintiff has alleged a serious medical need [comprising of] abdominal pain, blood in his stool, a bacterial infection, vomiting, dizziness, nausea, constipation, bloating, and gas[.]" (cleaned up)); *Spar v. Mohr*, No. 14-CV-546, 2015 WL 5895914, at *8 (S.D. Ohio Oct. 9, 2015), *report and recommendation adopted*, 2015 WL 6506557 (S.D. Ohio Oct. 28, 2015) (listing authorities nationwide holding that

symptoms of chronic constipation constitute a serious medical need); *see also id.* ("The record in this case establishes that plaintiff's chronic constipation causes severe abdominal pain, chills, and vomiting. On this record, this Court concludes that plaintiff's chronic constipation constitutes a serious medical need.").

Accepting all well-pled facts as true, Plaintiff suffered from "severe abdominal pain" and persistent, chronic constipation. Am. Compl. at 49. Plaintiff's pain—to which he ascribed a pain level of 7 to 8—"was ongoing for several days" and "increasing in frequency and intensity." *Id.* He suffered from this "high-level pain continuously," which worsened the longer he was not treated. *Id.* Viewing as a whole Plaintiff's descriptions of chronic constipation and severe pain, the Court finds Plaintiff has established an objectively serious medical need.

Next, Defendants claim "Plaintiff fails to allege that Defendants had subjective knowledge of a risk of serious injury at the time of their respective interactions and '[e]ach individual Defendant must be judged separately and on the basis of what that person knows.'" Mot. at 7 (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)).

Speaking of Dr. Santana, Plaintiff alleges the following:

> [T]his present knowledge, combined with her historical knowledge of Plaintiff's diverticulitis, hernia repair, and the emergency resection of his colon demonstrates her subjective and objective knowledge of a serious and potentially dangerous condition and that plaintiff had a higher-than-normal risk of further serious harm. She knew he was suffering high-level pain continuously and was very distressed about these facts. Despite this she chose to disregard that and failed to escalate or expedite necessary steps to quickly diagnose and alleviate his pain, both physical and mental.

Am. Compl. at 50. This excerpt undeniably establishes that Dr. Santana possessed knowledge of Plaintiff's painful condition at the time he was evaluated. Even more, Plaintiff affirmatively alleges that Dr. Santana possessed historical knowledge of his unique condition that may have

aggravated Plaintiff's medical condition at the time; the specificity of this allegation rises above a mere conclusory legal statement and shapes the scope of Dr. Santana's subjective awareness.[3] *See also id.* at 49 (alleging Dr. Santana of "knowing Plaintiff's long history of serious intestinal conditions[,] [which] should have [been] triaged as urgent or emergent and given immediate attention[.]" (cleaned up)). The Court thus finds Plaintiff has sufficiently pled Dr. Santana was subjectively aware of the full scope of Plaintiff's medical needs.

But Defendants contend that Plaintiff's July 1, 2021 appointment with Dr. Santana, followed by Dr. Santana's "consult request" and "preapproval of a CT scan," show Dr. Santana did not act deliberately indifferent. Mot. at 8–9. In the deliberate-indifference-to-medical-needs context, "an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (quotation marks omitted). However, an "official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *McElligott*, 182 F.3d at 1255.

When medical care is provided, deliberate indifference generally includes "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all[.]" *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011); *see also id.* ("A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference." (citation omitted)); *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) (holding that an official who was aware of a serious medical problem but provided medical care "so cursory as to amount to no treatment at all . . . may violate the Fourteenth Amendment"). Moreover, the denial or delay of

---

[3] Nothing suggests that Plaintiff is imputing knowledge from prior unexhausted claims.

medical treatment lacking any medical justification is deliberate indifference. *See id.* at 704 ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out." (citation omitted)); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) ("[A]n unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference." (listing cases)).

Certainly, the Court is not in a position to surmise what Plaintiff's best course of treatment would have been. And it is true that, when an inmate receives medical care, courts are sometimes reluctant to find a case of deliberate indifference. *See Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). Here, it appears Plaintiff was, at a minimum, examined via ultrasound one time in July 2021 after seeing Dr. Santana; nevertheless, Plaintiff's claims show that he did not receive any treatment to alleviate his severe pain. *See* Am. Compl. at 14 ("As of July 29[, 2021], Plaintiff had still not received any treatment or diagnosis for over 47 days[.]"). Plaintiff expressly alleges that Dr. Santana's delays in July 2021 prolonged his then-existing symptoms.[4]

Further, according to Plaintiff, Dr. Santana gave no medical or reasonable justification for denying Plaintiff Metamucil. Dr. Santana only attempted to procure the medication and was denied; she later told Plaintiff, "if you try to go over my head or around me like you did before, you will not get anything at all. You get what I say you get[,] and you are not getting Metamucil [] [e]ver." Am. Compl. at 51. After considering these statements, coupled with the failure to

---

[4] The Court largely distinguishes this critical fact from *Lapuma v. Bucarelli*, where a court did not find a case of deliberate indifference due to the plaintiff's nonspecific allegations following a denial and change in medication. *See* No. 16-CV-799, 2019 WL 1966429, at *5 (N.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, 2019 WL 1966115 (N.D. Fla. May 2, 2019) ("Although Plaintiff did not receive a specific medication prescribed by one doctor because it was rejected by another doctor, he has not alleged facts showing that this medication change caused him any harm. Because Plaintiff has alleged no facts showing that his condition deteriorated because he was not given creon-12, or that he otherwise suffered harm, that claim is insufficient. In this case, Plaintiff has not alleged that he suffered with any medical problem following the denial of that medication.").

address or alleviate Plaintiff's severe pain throughout half of June 2021 and all of July 2021, the Court finds that the little medical care Plaintiff received was only cursory and ineffective at best. *See McElligott*, 182 F.3d at 1257 ("Insofar as Elmore's pain was concerned, a jury could find that the medication provided to Elmore was so cursory as to amount to no care at all.  A jury could conclude that, despite being aware that the medication prescribed for Elmore was not treating the severe pain he was experiencing, Dr. Foley and Wagner did nothing to treat Elmore's pain or respond to the deterioration of his condition.").  In sum, Dr. Santana could plausibly have been "actually, subjectively aware that [her] own conduct caused a substantial risk of serious harm to" Plaintiff.  *Wade*, 106 F.4th at 1262.

Lastly, Plaintiff has established a causal connection.  A plaintiff pursuing a claim of deliberate indifference must show a causal connection between the defendant's alleged deliberate indifference and that plaintiff's injury.  *See Harris v. Prison Health Servs.*, 706 F. App'x 945, 953 (11th Cir. 2007).  Here, after describing Dr. Santana's delays in treating his severe pain, Plaintiff alleges that "[t]he injury caused by delay is pain and the longer it lasts, the greater the injury, *i.e.*, more pain."  Am. Compl. at 50.  He also alleged that Dr. Santana "needlessly prolong[ed] [his] pain" and "increas[ed] the risk of further serious harm to [him]."  *Id.* at 49.  The Court thus finds that Plaintiff has plausibly alleged Dr. Santana's failure to alleviate his condition exacerbated his pain.

Accordingly, Plaintiff has plausibly stated a claim of deliberate indifference against Defendant Dr. Santana; as to this claim, Defendants' Motion to Dismiss is **DENIED.**

### C.  *Plaintiff's Claims Against Other Defendants*

After carefully reviewing the Amended Complaint, the Court finds that Plaintiff's plausible deliberate indifference claim is brought against *only* Defendant Dr. Lynette Santana.  No other

Defendant—except an unnamed nurse—faces a deliberate indifference claim relating to Plaintiff's denial of medical care specifically during the period between June 2021 and July 2021.[5] *See generally* Am. Compl.  Moreover, the Court has already stricken all factual allegations unrelated to this time period, and as a whole, Plaintiff's Response only addresses his deliberate indifference claim against Dr. Santana.  *See generally* Resp.

Accordingly, to the extent that Plaintiff has attempted to raise an exhausted claim against any other Defendant, Plaintiff's claims against Centurion Health Inc., Dr. Haridas Bhadja, Larkin Community Hospital, Dr. John Doe #1, John Doe #2, S. Jackson, J. Doe, S. Scholl, J. Louis, D. Brown, P. Louis-Jacques, Regional Health Services Administrative, and the Secretary of the Florida Department of Corrections, are **DISMISSED with prejudice**.[6]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike, [ECF No. 67], is **GRANTED**.  All allegations in Plaintiff's Amended Complaint, [ECF No. 66], unrelated to Plaintiff's claim of medical deliberate indifference for the time period between June 2021 and July 2021 are **STRICKEN**.

2. Defendants' Motion to Dismiss, [ECF No. 67], is **GRANTED in part** and **DENIED in part**.  As to Plaintiff's claim of medical deliberate indifference against Defendant Dr. Lynette Santana in her individual capacity for the time period between June 2021 and July 2021, Defendants' Motion to Dismiss is **DENIED.**

---

[5] The Court will not accept Plaintiff's conclusory or legal recitations, nor his generalized references to denials of medical care pertaining to other Defendants.

[6] All of Plaintiff's official-capacity claims were (and remain) dismissed under the Eleventh Amendment's sovereign immunity doctrine when the Court screened his original Complaint under 28 U.S.C. §§ 1915a and 1915(e).  *See* Order Dismissing Complaint at 7.

      3.      Plaintiff's other allegations, to the extent any remain, are **DISMISSED with prejudice**.  The Clerk shall **TERMINATE** Defendants Centurion Health Inc., Dr. Haridas Bhadja, Larkin Community Hospital, Dr. John Doe #1, John Doe #2, S. Jackson, J. Doe, S. Scholl, J. Louis, D. Brown, P. Louis-Jacques, Regional Health Services Administrative, and the Secretary of the Florida Department of Corrections.

      **DONE AND ORDERED** in Miami, Florida, this 7th day of November, 2024.

                                                        **RODOLFO A. RUIZ II**
                                                        **UNITED STATES DISTRICT JUDGE**

cc:      Mark Alan Pennington
          I45635
          Okeechobee Correctional Institution
          Inmate Mail/Parcels
          3420 NE 168th Street
          Okeechobee, FL 34972
          PRO SE